DAUKSCH, Judge.
This is a consolidation of three appeals. There are numerous points raised but only one requires our attention in writing because we deem it error.
Dawning agreed to buy development property in the Rosemont subdivision in Orlando from MGIC. The City was to assist in providing sewer and water treatment. The closing of the transfer was delayed and changes or addendums to the contract were made when it was clear that there were problems in obtaining the sewer hook-ups due to governmental environmental rules. The negotiations, dealings and discussions between the various parties and governmental agencies were exceeded in their complexity only by the legal proceedings. Although both buyer and seller wanted the original deal to go through, it did not, due to no one’s fault, and a third party ended up owning the property. None of the parties here lost any money out of pocket on account of the deal but some loss of profits occurred. We find no legal basis upon which to reverse on the points urged, other than as follows.
We determine that it was error for the court to allow MGIC to recover $66,457.67 from Dawning where this sum was only claimed as a possible set-off in answers to interrogatories and was not pleaded in a counterclaim or an affirmative defense. The jury did not hear or decide the claim for this amount and because Dawning received nothing from MGIC there was noth *1034 ing to set-off against, even if it were properly pleaded. As to that portion of the judgment we reverse; as to the rest, we affirm.
AFFIRMED in part; REVERSED in part.
COBB, C.J., and SHARP, J., concur.